26 C.C.P.A.(Patents)

### BORM v. CHAMPAYNE.
### Patent Appeal No. 4078.

Court of Customs and Patent Appeals.
April 10, 1939.

Joshua R. H. Potts, of Chicago, Ill. (Eugene Vincent Clarke and Basel H. Brune, both of Chicago, Ill., of counsel), for appellant.

McCanna, Wintercorn & Morsbach, of Rockford, Ill. (Andrew F. Wintercorn, of Rockford, Ill., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of the subject matter defined in the single count in issue to appellee, Roy J. Champayne.

The invention relates to a power-operated tool for use in "restoring bent and dented sheet metal to its original shape," particularly "damaged fenders and other sheet metal parts of automobiles."

For the purpose of this case, the tool is sufficiently described in the count which reads: "A power operated tool of the character described comprising in combination a generally U-shaped frame member of reduced cross-section whereby it has a desired degree of flexibility, said frame member being so formed that it is adapted to straddle a metal body to be hammered, a hammer head having a power operated striker reciprocable therein and arranged to engage one side of the work, a die arranged to engage the other side of the work, a die holder whereon the die is removably held, and tubular bearing portions provided on the hammer head and die holder larger in cross-section than the frame member, whereby the bearing portion on the hammer head is adapted to serve as a handle, and said portions are adapted to receive therein the ends of said frame member to mount the head and die thereon."

The interference is between appellant's application No. 15,542, filed April 10, 1935, and appellee's application No. 754,716, filed November 26, 1934.

The count originated in appellee's application.

864

■ Appellant is the junior party and the burden was upon him to establish priority of invention by a preponderance of the evidence.

The tribunals of the Patent Office concurred in holding that the evidence introduced by appellee established conception by him at least as early as February 15, 1934, and that he successfully reduced the invention to practice as early as the summer of that year.

Appellee offered in evidence a structure (appellee's Exhibit No. 6) which conforms to the count in issue, except that it does not have a striker mechanism consisting of a piston and cylinder.

It appears from the record that the striker mechanism originally a part of the structure (appellee's Exhibit No. 6) was lost. However, appellee introduced in evidence a striker mechanism consisting of a piston and cylinder (appellee's Exhibit No. 8) which was made by him early in February, 1934. Combining Exhibits Nos. 6 and 8, the structure clearly conforms to the involved count.

Several witnesses for appellee testified that they saw a device similar to the combined structures (Exhibits Nos. 6 and 8) operated by appellee in the first part of February 1934. They identified Exhibit No. 8 as being similar to the striker mechanism that was originally a part of appellee's Exhibit No. 6.

Appellee's witness J. R. Bobeck testified that he operated a device similar to the combined structures (Exhibits Nos. 6 and 8) in appellee's place of business sometime during the last part of January or the first part of February 1934.

The witnesses Robert Houghton, Fred Dickman, Max E. Dayton, Frank H. Andrews, Ray A. Brown, and Gladys Champayne (wife of appellee) testified that they saw a device similar to the combined structures (Exhibits Nos. 6 and 8) successfully operated in appellee's place of business in the first part of February 1934.

In his decision, the Examiner of Interferences reviewed the evidence relative to the activities of appellee in considerable detail, and held that a device similar to the combined structures (appellee's Exhibits Nos. 6 and 8) was constructed and successfully operated by appellee during the early part of February, 1934, and that such device conformed to the involved count.

In his decision, the Examiner of Interferences said, inter alia:

"The hammer, as described by these witnesses [Bobeck, Andrews, Brown, and Gladys Champayne] and by those [Houghton, Dickman, and Dayton] whose testimony is quoted above, is believed to embody the invention defined in the counts, and it is therefore held that Champayne is entitled to a date of conception at least as early as February 15, 1934.

"The testimony of these witnesses is also to the effect *that the hammer was successfully used about this time * * *.* Champayne then proceeded to have patterns and castings made of a commercial type of hammer * * *. Hammers of the type shown by exhibit 31 were made and tried out * * *. Manufacture was subsequently begun, and many documents are offered to establish Champayne's activity. Exhibit 20 is one of the manufactured hammers which was sold in June, 1934 * * *." (Italics ours.)

The witness Orie M. Plankey stated that he was an automobile refinisher, employed by the Rock County Auto Company, Beloit, Wisconsin; that a salesman for the Time Cutting Tool Corporation (appellee's company) demonstrated one of appellee's devices to him on or about the first of June, 1934; that his company purchased one of appellee's tools, appellee's exhibit No. 20, on June 2, 1934; that it operated satisfactorily; that he was able to identify Exhibit No. 20 because of a "broken place on the upper part of the head"; and that he did not know what caused the tool to break "whether it was inferior workmanship or it was dropped."

Other hammers were manufactured and sold by appellee's company during the period from June 1, 1934 to the filing of appellee's involved application, November 26, 1934.

■ We have carefully considered the testimony of appellee's witnesses and the criticisms of counsel for appellant of it, and are of opinion that it clearly establishes that appellee constructed a device conforming to the involved count in the latter part of January, 1934, and successfully operated it as early as the first part of February of that year, and that he is entitled to a date as early as February 1, 1934, for conception of the invention, and a date sometime between the 1st and 15th of February for reduction to practice.

Due to the views we hold regarding the earliest date to which appellant is entitled for conception of the invention, it is a matter of no importance, so far as the issues here are concerned, whether appellee be given a date for actual reduction to practice as of February, 1934 or the first part of June, 1934 (when a commercial model was successfully operated and demonstrated to appellee's witness Plankey), as the record clearly establishes that appellee was diligent from the first part of February until June 2, 1934, when his first commercial device was sold to the Rock County Auto Company.

The tribunals of the Patent Office concurred in holding that, due to the allegations contained in appellant's preliminary statement, he was entitled to no earlier date than March 1, 1934, for conception, and November 6, 1934, for reduction to practice of the involved invention. Due to the importance of appellant's preliminary statement, we quote the pertinent part of it: " * * * that he conceived the invention set forth in the declaration of interference on or about November 1, 1933; *that on or about March 1, 1934, he first made drawings of the invention;* that on or about the 23d day of October, 1934, he made the first written description of the invention; that on or about June 15, 1934, he first disclosed the invention to others; *that he made his first model on or about March 1, 1934,* and that he embodied his invention in a full size working device which was completed on or about November 6, 1934; that he began actively exercising reasonable diligence in adapting and perfecting the invention about November 1, 1933; that said device was first successfully operated in the City of Elgin, County of Kane and State of Illinois, on or about November 6, 1934; and he has since continued to use the same and that he has manufactured others for use and sale to the extent of Six Hundred (600)." (Italics ours.)

It will be observed that appellant stated in his preliminary statement that he conceived the invention on or about November 1, 1933; that he *first made drawings of the invention and made his first model of it on or about March 1, 1934;* that he made his *first written description* of the invention on or about October 23, 1934; that he *first disclosed* the *invention* to others on or about *June 15, 1934;* that he *embodied his invention in a full-size device,* which was *completed on or about November 6, 1934,* and *successfully operated it on or about that date.*

Evidence was introduced by appellant for the purpose of establishing that he conceived the invention in the fall of 1933. Appellant here relies on certain testimony and his physical exhibits (Nos. 17, 18, and 19) and documentary exhibits (Nos. 13, 21, 22, and 23).

Appellant's physical Exhibit No. 17 is a "cylinder and piston," claimed to have been made a few days subsequent to October 23, 1933, from appellant's documentary Exhibit No. 21 (hereinafter described) and verbal instructions from appellant, and said to be for use as a part of an air hammer.

Physical Exhibit No. 18, claimed to have been made a few days subsequent to November 2, 1933, from appellant's documentary Exhibit No. 22 (hereinafter described) and verbal instructions from appellant, is a "die handle."

Appellant's Exhibit No. 19, claimed to have been made a few days subsequent to November 10, 1933, from appellant's documentary Exhibit No. 23 (hereinafter described) and verbal instructions from appellant, is said to be a "head for an air hammer."

Appellant's documentary exhibits are as follows: Exhibit No. 13 is a sketch or drawing of an air hammer, claimed by counsel for appellant to conform to the appealed count. It is claimed to have been made by appellant's witness Fay R. Crawford. It is dated January 22, 1934, and bears the signature of F. R. Crawford. Exhibit No. 21 is dated October 23, 1933, and consists of a series of drawings, claimed to represent parts of an air hammer. The exhibit bears the notation *"Prell* [one of appellant's witnesses] bore out any material you have to dimentions above and must fit plunger tight see other side Borm." The quoted notation and the date on the exhibit are in the handwriting of appellant. Exhibit No. 22 consists of a series of drawings. It is said that the drawings represent a "swivel joint." The following notations in appellant's handwriting appear thereon: "set bolt any size you have—must turn free—over" and "These two parts are to complete a swivel joint with a locking screw, thread is not particular but it must lock at right angles. Mr. Prell, kindly rush these parts make of any mate-

rial you have." The exhibit is dated November 2, 1933, and bears appellant's signature. Exhibit No. 23 is claimed to be a "drawing of a head for an air hammer." The exhibit contains the notation "Mr. Prell here is pencil sketch of a motor do not be fussy about out side dimensions, make piston and body hole good fit the hole in the handle must be big enough so a 3/4" rod fits inside." It bears the signature of appellant, and the date (in appellant's handwriting) November 10, 1933.

Counsel for appellant contend that the exhibits hereinbefore described are established by the unimpeached testimony of appellant and four corroborating witnesses, and that the quoted notations made on Exhibits Nos. 21, 22, and 23 "are not 'drawings' and should not be restricted to March 1, 1934, because of a preliminary statement as to 'drawings.' They are corroborative evidence of conception as of the dates made and are in the handwriting of the party Borm." Relative to appellant's Exhibit No. 13, counsel for appellant state that it is a drawing of a complete air hammer; that it was made by the witness Crawford under the supervision and direction of appellant; that it was signed by the witness Crawford; and that, regardless of the fact that appellant alleged in his preliminary statement that he first made drawings of the invention on or about March 1, 1934, the exhibits should be held by the court to be sufficient to establish conception by appellant as early as January 22, 1934 *"for the reason that it was not made by Borm but by Crawford under Borm's directions."* (Italics ours.)

It is further contended by counsel for appellant that it has been established by the evidence that appellant constructed an air hammer conforming to the involved count and successfully operated it on March 1, 1934, and that he is entitled to that date for reduction to practice. In explanation of appellant's assertions in his preliminary statement "that he embodied his invention in a full size working device which was completed on or about November 6, 1934," and "that said device was first successfully operated * * * on or about November 6, 1934," counsel for appellant state in their brief that appellant testified "that although the hammer of March 1, 1934, was a full size working device at that time which took dents out of metal, it was called a model device because it was just connected with an air

hose and was not provided with an air valve whereas the hammer which was completed about the last part of October or first of November, 1934, and tested at that time was a complete air hammer ready for the market, which he [appellant] understood to mean reduction to practice and first successful operation; * * * that he [appellant] believed that first reduction to practice and successful operation meant that the air hammer was completed and ready for sale"; and that as appellant was ill and "was being urged by his attorney to prepare and have the [preliminary] statement filed in order to reach the Patent Office before July 15, 1935," the allegations contained in his preliminary statement were made from memory, and that "Under the special circumstances inherent in this case and upon every consideration, it is respectfully submitted that Borm is entitled to March 1, 1934, for reduction to practice. Accorded that date, he should be now entitled to a date at least as early as November 15, 1933, for conception."

Rule 110 of the Rules of Practice in the United States Patent Office requires that a preliminary statement shall be under oath; that it shall include statements as to—(1), the date upon which the first drawing and written description of the invention were made; (2) the date on which it was first disclosed to others; (3) the date of the first "act or acts" other than drawings, written description, or disclosure to others "which, if proven, would establish conception of the invention, and a brief description of such act or acts"; (4) the date of reducing the invention to practice; and (5) the date when he "began actively exercising reasonable diligence in adapting and perfecting the invention." The rule also provides that if a party "prove *any date* earlier than alleged in his preliminary statement, such proof will be held to establish *the date alleged* and none other." (Italics ours.)

Rule 113 of the Rules of Practice in the United States Patent Office provides that in the event there is a material error in a preliminary statement arising through inadvertence or mistake, the preliminary statement may be corrected upon a satisfactory showing that the "correction is essential to the ends of justice," but a motion for that purpose must be made as soon as practicable after the discovery of the error, and, if possible, before the taking of testimony.

No motion to amend his preliminary statement was filed by appellant before the taking of testimony, nor was one filed during or after the taking of testimony for the purpose of making his preliminary statement conform to the evidence introduced by him.

That a party is restricted to the dates alleged in his preliminary statement for conception (which ordinarily involves proof of disclosure to others) and reduction to practice of an invention, is well settled. Harry P. Townsend v. Henry L. Smith, 36 F.2d 292, 17 C.C.P.A., Patents, 647; Sarah E. Nolop v. Samuel Herbert Smith, 36 F.2d 838, 17 C.C.P.A., Patents, 768; Fenton R. Brydle v. Harry H. Honigbaum, 54 F.2d 147, 19 C.C.P.A., Patents, 773.

It is true, as contended by counsel for appellant, that a party may establish conception of an invention by some act other than a disclosure to others, and that a structure, drawing, or written description of such invention may, if properly authenticated, be sufficient to establish conception. Peters v. Hopkins, 34 App.D.C. 141; Orvis F. Rowe v. Frederick C. Holtz, 55 F.2d 465, 19 C.C.P.A., Patents, 964; Garand v. Pedersen, 76 F.2d 407, 22 C.C.P.A., Patents, 1161. Nevertheless, the date when such drawing, written description, or structure was made must be alleged in the preliminary statement, and a party may not be awarded a date for conception prior to that so alleged. Harry P. Townsend v. Henry L. Smith, supra; Sarah E. Nolop v. Samuel Herbert Smith, supra; Fenton R. Brydle v. Harry H. Honigbaum, supra.

Although appellant alleged in his preliminary statement that he made his first drawings and the first model of the invention defined in the appealed count on or about March 1, 1934; that he disclosed the invention to others on or about June 15, 1934; and that his first written description of it was made on or about October 23, 1934, he now relies on drawings and sketches and certain notations thereon (which notations would be meaningless in the absence of the drawings and sketches), certain testimony (which, in effect, amounts to a disclosure of the invention), and certain physical exhibits (which do not disclose the invention) to establish that he conceived the invention prior to the dates alleged in his preliminary statement for the making of such drawings, disclosure, and written description, and we, in effect, are asked to suspend, for the purpose of this decision, the operation of applicable principles of law in order that appellant may be awarded dates for conception and reduction to practice of the invention earlier than those to which appellant thought, or, at least, stated, he was entitled at the time he filed his preliminary statement. To that request, we must decline to accede.

In conformity with the provisions of rules 110 and 113, supra, and the decisions hereinbefore cited, we hold that appellant is not entitled to a date prior to March 1, 1934, for conception of the invention, and November 6, 1934, for reduction of it to practice. Accordingly, as appellee was the first to conceive and the first to reduce the invention to practice, he is entitled to an award of priority.

On November 25, 1938, appellant was given permission by the court to file a reply brief relating to charges in appellee's brief that appellant and some of his witnesses committed fraud and perjury in the preparation and trial of this case.

Appellant's reply brief was filed December 24, 1938.

On January 9, 1939, counsel for appellee filed a motion to strike appellant's reply brief on the ground that it was not confined to matters contained in appellee's brief, and that it also contained statements relating to matters outside the record.

We find no merit in appellee's motion. It is, therefore, denied.

It may be well to observe that the brief of counsel for appellee in this court relates to a considerable extent to charges of fraud and perjury. Although, according to the record and the briefs of counsel for the parties, such charges have been "referred" to the Department of Justice for official action and are now before the United States District Attorney in Chicago, counsel for appellee requests this court to make definite findings with regard thereto for the reason, as stated by counsel, that the "Department of Justice and the United States District Attorney" are looking to this court to make "the ruling which will be their instruction to proceed" to investigate those charges.

Replying to the request of counsel, we think it sufficient to say that the Department of Justice needs neither advice nor instruction from this court on matters of this character. Furthermore, for the reasons hereinbefore fully set forth, we have

found it unnecessary for a proper disposition of the issue of priority of invention to weigh the evidence submitted by appellant.

The decision is affirmed.

Affirmed.