52 CCPA

Robert J. CLARKSON, Appellant,

v.

Alfred W. VIBBER, Appellee.

Patent Appeal No. 7246.

United States Court of Customs
and Patent Appeals.

Dec. 17, 1964.

David B. Miller, New York City, Elmer Stewart, Washington, D. C., for appellant.

Alfred W. Vibber pro se.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Board of Patent Interferences awarding priority to appellee Vibber, the senior party, in interference No. 90,245.

The involved invention relates to textile strand twisting apparatus and is mechanism for automatically controlling the size of a "balloon" formed by a length of one strand which is being rapidly whirled around.

Clarkson is involved in this interference on his patent No. 2,689,449, claims 2 and 3 of which correspond to the two counts. Vibber copied claims 1, 2, and 3 from that patent and they were involved in a prior interference, No. 87,254, wherein a motion to dissolve was filed by Clarkson on the ground Vibber could not make the counts. The motion was granted as to counts 2 and 3 only and the interference proceeded to an award of priority (Oct. 16, 1956) to Vibber on count 1. Clarkson thereupon, on December 4, 1956, disclaimed his claim 1, which was count 1. Vibber's application containing claims corresponding to counts 2 and 3 was prosecuted to final rejection and an appeal was taken to the Board of Appeals which reversed the rejection. That board held Vibber could make the counts. The present interference on former counts 2 and 3 was thereupon declared and they are counts 1 and 2 herein.

Counts 1 and 2 are almost the same, differing in terminology only in two minor particulars, and it will suffice to reproduce count 2:

"In strand-twisting apparatus, in combination, mechanism for rotating a yarn strand in the form of a balloon and for pulling the yarn forward, a central *guide* at the apex of the ballooning yarn, mechanism for controlling the size of the balloon comprising an *annular member* rotatably supported near said apex in concentric relation therewith, said annular member having a portion

thereof adapted to be *brushed against by an intermediate portion of the ballooning yarn,* a *spring* for yieldingly turning said member in the opposite direction, and means controlled by the rotation of said member for controlling the size of the balloon." [Emphasis ours.]

To explain the balloon control in non-technical terms, the ballooning yarn is being swung at high speed (like a jump rope but on a vertical axis) between a guide at the top and a whirling disc or flyer at the bottom. The guide, in one of the embodiments disclosed, is a threaded tube mounted to turn freely in a threaded holder. Attached to the guide tube and below it is an annular member which concentrically surrounds the uppermost part of the balloon. The frictional engagement of the whirling strand with the annular member causes it to turn when the balloon gets too large. This turns the threaded guide in a direction to move it downwardly, thereby decreasing the size of the balloon. If the balloon gets too small, friction of the strand against the annular member decreases and the spring rotates the guide which moves it upwardly, increasing the size of the balloon. The vertical movements of the guide are small, the object being to maintain the balloon at a predetermined size.

Two issues are before us : (1) whether Vibber can make the counts; and (2) whether Clarkson has established by a preponderance of the evidence that he is entitled to a date of invention, based on an actual reduction to practice, prior to the filing date of April 27, 1951 accorded to Vibber, which date appellant does not contest.

### Vibber's Right to Make

■ Clarkson contends that Vibber's disclosure does not support the language of the counts in two respects. It is claimed that in the Vibber structure there is no member which is brushed by an *intermediate* portion of the ballooning yarn and also that there is no disclosure of the combination of a central guide at the apex of the ballooning yarn with such a member.

These appear to be the same arguments that were not only made before the Board of Patent Interferences herein but were also considered by the Board of Appeals in the ex parte prosecution following the prior interference. Both tribunals have held against the appellant's contentions. The board herein quoted extensively from the detailed analysis in the opinion of the Board of Appeals, expressing complete agreement with it.

Our review of the disclosure, consideration of the opinions of the Patent Office tribunals, and consideration of appellant's arguments convinces us that no error was committed on this aspect of the case. We agree that Vibber discloses a balloon control in which there is an annular member which is adapted to, or positioned to, be brushed against by an intermediate portion of the ballooning yarn and also that there is disclosed a combination of that claim element with a guide at the apex of the ballooning yarn. It is argued, in effect, that in Vibber there is only one element which, apparently, appellant deems to be only a guide. We agree with the board, however, that this part has two functions and corresponds to the two elements of the count notwithstanding they are integrated into a single mechanical part.

### Clarkson's Proofs

■■ The date Clarkson must overcome, as above stated, is April 27, 1951.[1] Appellant took his own testimony, the testimony of his superior Sherman, and his patent attorney Willson (all working for United States Rubber Company, assignee of the Clarkson patent, at the time Clarkson made his invention. A number of paper and photographic exhibits are in evidence. It is urged that the evidence established an actual rejection to practice on April 23, 1951, the evidence

1. His preliminary statement alleges a reduction to practice date of April 30, 1951, and he cannot have the benefit herein of an earlier one, even if proved. Borm v. Champayne, 26 CCPA 1095, 102 F.2d 862, and cases there cited.

consisting of oral testimony by interested witnesses ten years after the event mostly based on leading questions, a single photograph alleged to have been taken by Sherman on April 23, 1951, and correspondence which is wholly inconclusive. Vibber also took testimony and put in evidence letters written by Sherman in 1952.

The board carefully analyzed this evidence and came to the conclusion that it failed to establish that the invention had been reduced to practice on April 23, 1951, or at any later time prior to the constructive reduction to practice by Clarkson in the filing of an application on June 20, 1952, out of which was divided, on June 12, 1953, the application for the patent involved here. It was also held that Clarkson had failed to establish diligence from a time prior to Vibber's date to his constructive reduction to practice.

With respect to the photograph, while it appears to show a balloon control apparatus like that of the counts, the board correctly pointed out that "there is no indication in the photograph that the part brushed by an intermediate portion of the balloon, or the parts that are attached to it, are moving or capable of moving. In other words, the guide eyelet might have been incapable of vertical adjustment * * *." It also found that contemporary documentary evidence failed to establish satisfactory operation, though it showed the device was being worked on. It pointed out that there is no contemporary evidence of any tests. It is significant that letters by Sherman as late as December of 1952 made reference to the possibility that Clarkson could "develop a control of some sort if it becomes necessary," and made other similar statements. A monthly report by Clarkson on May 2, 1951, after the supposed reduction to practice, says, inter alia, "this device will not be perfected until after" a certain new machine had been received.

Considering the *totality* of the evidence, we cannot see that any error was committed by the board in holding that the evidence falls far short of that re-quired to establish an actual reduction to practice at any time.

Assuming, arguendo, that the evidence established a conception by Clarkson just prior to April 27, 1951, we also agree with the holding of the board that he has not proved diligence coupling such possible conception with his constructive reduction to practice, wherefore it becomes immaterial whether such prior conception was established.

There are numerous detailed weaknesses in the evidence and questions which have been raised about it which we do not consider necessary to discuss. The board's review was clearly careful and well reasoned and, having read the testimony and examined the exhibits, we see no reason to disturb its decision, which is affirmed.

On motion of appellee, certain additions were made to the record. We have not found it necessary to consider them and the cost of printing them shall be borne by appellee.

Affirmed.